J-S13022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE L. REYES-DIAZ | : | |
| | : | |
| Appellant | : | No. 1371 MDA 2019 |

Appeal from the PCRA Order Entered July 26, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000680-2012

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:            **FILED MARCH 31, 2020**

Appellant, Jose L. Reyes-Diaz, appeals *pro se* from the July 26, 2019 Order, dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as meritless.  After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On January 25, 2013, a jury convicted Appellant of four counts of Aggravated Assault, two counts of Attempted Murder, and one count each of First-Degree Murder and Possession of an Instrument of Crime.[1]  On February 20, 2013, the court sentenced Appellant to a term of life imprisonment without the possibility of parole, followed by ten to twenty years' incarceration.  This Court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1) and (4), 901(a), 2502(a), and 907, respectively.

affirmed Appellant's Judgment of Sentence on May 23, 2014, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on December 10, 2014. *See Commonwealth v. Reyes-Diaz*, 2014 WL 10936640 (Pa. Super. 2014) (unpublished memorandum); *Commonwealth v. Reyes-Diaz*, 104 A.3d 525 (Pa. 2014) (table).

On April 25, 2015, Appellant filed a timely first PCRA Petition in which he raised a claim that his trial counsel had been ineffective for not raising an involuntary intoxication defense. The PCRA court appointed counsel. On November 16, 2016, counsel filed a *Turner*/*Finley*[2] "no-merit" letter requesting leave to withdraw as counsel after concluding that Appellant's Petition presented no issues of arguable merit. On December 3, 2018, the court permitted counsel to withdraw due to a conflict of interest. The court appointed new counsel that same day.

On March 21, 2019, the PCRA court held an evidentiary hearing on Appellant's Petition. On May 17, 2019, Appellant's new counsel filed a *Turner*/*Finley* "no-merit" letter.

On June 25, 2019, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Appellant's Petition as meritless. On July 26, 2019, the PCRA court dismissed Appellant's Petition and permitted counsel to withdraw.

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

This timely *pro se* appeal followed. On August 21, 2019, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within twenty-one days.[3] The court notified Appellant that "a failure to comply with such directive may be considered by the appellate court as a waiver of all objections to the Order [dismissing Appellant's Petition]." Order, 8/21/19. This Court's review of the PCRA court docket indicates that, to date, Appellant has not filed a Rule 1925(b) Statement.

We glean from our review of Appellant's *pro se* Brief that, on appeal, Appellant challenges the PCRA court's determination that his ineffective assistance of counsel claim lacked merit.[4] Prior to reaching the merits of this claim, however, we must consider whether Appellant has preserved it.

Pa.R.A.P. 1925(b) requires, in relevant part, that an appellant file a statement to the trial court to clarify the issues on appeal if directed to do so by the trial court. Pa.R.A.P. 1925(b). Our Supreme Court has repeatedly held that if an appellant fails to comply with the trial court's order for a Rule 1925(b) statement in a timely manner, the appellant has waived all issues on appeal. ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).

---

[3] The record indicates that the court served this Order upon Appellant at SCI-Benner by certified mail.

[4] Appellant has failed to include in his Brief a Statement of the Questions Involved in violation of Pa.R.A.P 2111(a)(4) and 2116.

As noted above, on August 21, 2019, the PCRA court ordered Appellant to file a Rule 1925(b) Statement.  Appellant has not complied with that Order. Accordingly, Appellant has waived his issues on appeal.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/31/2020